977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re DAKOTAH HILLS RESIDENTIAL LIMITED PARTNERSHIP, Debtor.
David Randall JENKINS, Appellant,
v.
Fred T. BOICE, in his official capacity as Trustee in
Bankruptcy, Appellee.
 No. 91-16067.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 24, 1992.
Decided Oct. 2, 1992.
 
 Before CANBY, REINHARDT and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David Randall Jenkins ("Jenkins") appeals pro se from the Bankruptcy Appellate Panel's ("BAP") affirmance of a bankruptcy court judgment in favor of Fred T. Boice, the trustee in the instant Chapter 11 bankruptcy proceeding. We review the BAP's decision de novo and, because we are in as good a position as the BAP to examine the bankruptcy court's ruling, we review the latter's findings of fact for clear error and its conclusions of law de novo. See Siriani v. Northwestern Nat'l Ins. Co. (In re Siriani ), 967 F.2d 302, 303-304 (9th Cir.1992).
 
 
 3
 Jenkins was a general partner of Dakotah Hills Residential Limited Partnership ("Dakotah") and the controlling shareholder of Dakotah's other general partner, JNC Companies ("JNC"). Shortly before Jenkins, Dakotah, and JNC each filed Chapter 11 petitions in bankruptcy, Jenkins caused Dakotah and JNC to enter into an agreement that resulted in his obtaining a three-year lease of one of Dakotah's apartment units at no expense to him. The bankruptcy court ruled that the lease had been entered into without consideration at a time when Dakotah was insolvent and ordered Jenkins to turn the property over to Dakotah's trustee. Jenkins appealed and the BAP affirmed, holding that the transaction complained of constituted a fraudulent transfer under 11 U.S.C. § 548(a)(1).
 
 
 4
 The appellant argues that the BAP should not have based its ruling on section 548 because the trustee failed to assert any such claim before the bankruptcy court, and that the lease agreement did not violate the provisions of section 548 in any event.
 
 
 5
 We decline to reach the merits of this argument because the record amply supports the bankruptcy judge's ruling that the transfer was made without consideration at a time when Dakotah was insolvent. Accordingly, the trustee was authorized to set aside the transfer as a voidable preference under 11 U.S.C. § 547(b)(4).
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3